NO. 07-04-0109-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 20, 2004


______________________________




IN THE INTEREST OF T.R.M. AND H.S.M., CHILDREN



_________________________________



FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;



NO. 31036; HONORABLE LEE WATERS, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Shannon Luster, appearing pro se, filed with the District Clerk of Gray
County, in Cause No. 31036 pending in the 223rd District Court of that county, a document
entitled Texas Rule of Civil Procedure 306a(5) Motion. The District Clerk forwarded the
motion to this court, considering that it could be interpreted as a bona fide attempt to
invoke this court's jurisdiction. See Verburgt v. Dorner, 959 S.W.2d 615 (Tex. 1997). While
the motion did not meet the requirements for a notice of appeal, it contained a notation
"Notice of Appeal" at the bottom of each page. The relief requested in the motion was of
a nature to be addressed by the trial court, not an appellate court. The motion did not state
the date of the judgment or order appealed from or state clearly that appellant desired to
appeal. Tex. R. App. Proc. 25.1(d). Additional information from the District Clerk indicated
that no appealable order of the type referred to in the motion had been entered by the trial
court in that cause number, and further indicated that the trial court had addressed the
relief expressly requested in the motion.

 The motion was received by this court on March 11, 2004. By letter dated March
26, 2004, the clerk of this court directed appellant to file, within ten days, a response
stating the date of the judgment or order appealed from and containing the information
required by Rule 25.1(d) of the Texas Rules of Appellate Procedure. Appellant was advised
that failure to respond could result in dismissal of the appeal. See Tex. R. App. P. 42.3. 
That date has passed and no response has been received.

 All parties have had more than ten days' notice that dismissal could result from
appellant's failure to comply with the rules and this court's orders. Tex. R. App. Proc.
42.3(c). Accordingly, the appeal is dismissed. 


 James T. Campbell

 Justice





 

 




ng 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00281-CR, 07-10-00282-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



AUGUST
10, 2010

 



 

JAMICHEAL LAMARR HILL, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 396TH DISTRICT COURT OF TARRANT
COUNTY;

 

NO. 1128038D, 1165716D; HONORABLE GEORGE W. GALLAGHER, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

ORDER OF ABATEMENT AND
REMAND

            Through
two cases on appeal, appellant Jamicheal Hill
challenges the judgments of the trial court. 
On a finding that appellant lacked the means to employ appellate
counsel, the trial court appointed William H. Bill Ray to represent him on
appeal.  In both cases, Mr. Ray filed a
motion to withdraw from representation supported by an Anders brief.[1]  Because appellant has not yet had an
opportunity to file a pro se response
to the Anders brief, we have taken no
action on Mr. Rays request to withdraw.[2]  On August 2, 2010, attorney Mark D. Scott
filed a short document in this court entitled notice of attorney. By the
document, Mr. Scott states he has been retained to represent appellant in his
two appeals.[3]  Although the document contains a certificate
reflecting service on the Tarrant County Criminal District Attorney, neither
the document nor Mr. Scotts cover letter to our clerk indicates that Mr. Ray
was provided a copy.

The trial court is responsible for
appointing counsel to represent indigent defendants, Tex. Code Crim. Proc. Ann.
art. 1.051(d) (Vernon Supp. 2009), and possesses the authority to relieve or
replace appointed counsel on a finding of good cause.  Tex. Code Crim. Proc. Ann.
art. 26.04(j)(2) (Vernon Supp. 2009).  See
Meza v. State, 206 S.W.3d 684 (Tex.Crim.App.
2006).  Under some circumstances, it is
appropriate for the trial court to exercise the authority to appoint or
substitute counsel, even after the appellate record has been filed.  Id. at 688. 
Notwithstanding the notice filed by Mr. Scott, Mr. Ray remains
appellants counsel on appeal until charges are dismissed, the defendant is
acquitted, appeals are exhausted, or [Mr. Ray] is relieved of his duties by the
court or replaced by other counsel after a finding of good cause is entered on
the record.  Tex. Code
Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp.
2009). 

In light of Mr. Scotts statement to
this court that he has been retained to prosecute appellants appeals, we now
abate the appeals and remand them to the trial court for further proceedings.

On remand, the trial court shall use
whatever means it finds necessary to determine the following:

1.           
Whether
appellant still desires to prosecute his appeals;

 

2.           
Whether
Mr. Scott has been retained to represent appellant in the two appeals;

 

3.           
Whether
Mr. Ray desires to be relieved of his duties as appellate counsel in light of
Mr. Scotts representation, and if so, good cause exists to relieve Mr. Ray of
his duties;

 

4.           
If
Mr. Scott is to be substituted for Mr. Ray as appellants counsel, whether
appellants consent to the substitution properly has been obtained; and,

 

5.         Any
additional issues the trial court finds material to ensuring appellant receives
effective assistance of counsel.

If the trial court finds that Mr.
Scott has been retained to represent appellant, that appellant properly has
consented to the substitution of counsel, and that Mr. Ray desires to withdraw,
the trial court may allow Mr. Ray to withdraw as counsel. Concerning its
resolution of the foregoing issues, the trial court shall execute findings of
fact and conclusions of law, and shall cause its findings, conclusions, and any
orders the court signs to be included in supplemental clerks records to be
filed with the clerk of this court by September 10, 2010.

 

It is so ordered.

 

                                                                                                Per Curiam

 

 

Do not
publish.











[1]  Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

 





[2] See In re Schulman, 252 S.W.3d 403, 408-409, 409 n.23 (Tex.Crim.App. 2008) (describing
timing and nature of defendants pro se
response to Anders brief filed by
counsel).

 





[3] According to documents contained in the clerks
record, Gregory Gray was appellants court-appointed trial counsel.  But the docket sheet identifies Mr. Gray and
Mr. Scott as appellants counsel.  Mr.
Scott signed the certification of right of appeal and notice of appeal as
appellants counsel.